**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS VLACHOS, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-CV-0060 |
| v. | (JUDGE CAPUTO) |
| TOBYHANNA ARMY DEPOT FEDERAL CREDIT UNION, et al., | |
| Defendants. | |

## **MEMORANDUM**

The defendants move to strike or dismiss the class allegations in the plaintiff's complaint. (Doc. 5.) Because this preemptive attack on a putative class has been brought before the plaintiff has moved for class certification, the Court will deny the motion.

### **I. Background[1]**

Thomas Vlachos filed his complaint in the Pennsylvania Court of Common Pleas of Lackawanna County. He brought claims against the defendants under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. The defendants timely removed the action to this Court.

The complaint alleges that the defendants failed to post a warning at their automated teller machine notifying consumers that a fee would be charged for use in accordance with the Act. Paragraphs 27–43 of the complaint consist of class allegations.

Defendants move to strike and dismiss the class allegations. They argue that a class

---

[1] For purposes of deciding this motion, the facts in the complaint are assumed to be true, and are stated in the light most favorable to the plaintiff.

1

action may not be maintained based on the facts the plaintiff alleges in this complaint.

## II. Discussion

### A. Legal Standard on a Motion to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.*

**B. Motion to Strike Class Allegations**

The defendants urge the Court to strike the class allegations from the complaint on the grounds that the proposed class fails to meet the rigors of Federal Rule of Civil Procedure 23(b)(3) and therefore fails to state a claim upon which relief can be granted under Rule 12(b)(6). In pertinent part, Rule 23(b)(3) provides that a class action may be maintained if Rule 23(a) is satisfied and if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum and;

(D) the likely difficulties in managing a class action.

The defendants argue that the plaintiff's class allegations cannot survive a Rule 23(b)(3) superiority analysis. The Court will not address the merits of the argument because the motion to strike is premature at this stage, as the plaintiff has not yet moved for class certification. *See Martin v. Ford Motor Co.*, __ F. Supp. 2d __, 2011 570021, at *6 (E.D. Pa. Feb. 15, 2011).

A motion to strike class allegations should not be disposed of before the plaintiff has filed a motion seeking class certification. *Korman v. The Walking Co.*, 503 F. Supp. 2d 755, 762–63 (E.D. Pa. 2007). Here, because there is no motion for class certification pending, the defendants' motion to strike will be denied as premature.

### III. Conclusion

For the reasons explained above, the defendants' motion to strike class allegations (Doc. 5) will be denied. An appropriate order follows.

June 29, 2011                                            /s/ A. Richard Caputo
Date                                                             A. Richard Caputo
                                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS VLACHOS,<br><br>    Plaintiff<br><br>        v.<br><br>TOBYHANNA ARMY DEPOT FEDERAL CREDIT UNION, et al.,<br><br>    Defendants. | NO. 3:11-CV-0060<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 29th day of June, 2011, **IT IS HEREBY ORDERED** that the motion to strike or dismiss the class allegations from the complaint (Doc. 5) is **DENIED**.

>                /s/ A. Richard Caputo
>                A. Richard Caputo
>                United States District Judge